Hicks *v.* Willis.

ANN J. HICKS, appellant,

*v.*

SARAH C. WILLIS, executrix &c., respondent.

An executor or administrator, ordered by the orphans court to sell lands to
pay the decedent's debts, may adjourn the sale, after it has been properly
advertised, by an attorney or agent.

Appeal from decretal order of Union orphans court.

*Mr. E. F. Morrow,* for appellant.

*Mr. C. E. Hill,* for respondent.

THE ORDINARY.

The appeal in this case is from an order of the orphans court,
confirming a sale of land made, under its order, by the respond-
ent, as executrix of Thomas E. Hicks, deceased, to raise money
to pay his debts. The appellant is the widow of Mr. Hicks.
The only grounds of objection presented on the argument were
that the sale was not duly advertised, and that if it was so, the
adjournments were not made by the executrix in person or in
her presence. The objection to the advertisement was not dis-
cussed and there does not appear to be any ground for it. The
executrix was not present at any of the adjournments. Some of

NOTE.—Only the officer ordered to sell may advertise, and even a party to
the suit may be enjoined from doing so, *Dean* v. *Wilson, L. R.* (*10 Ch. Div.*)
*136 ;* and the parties themselves cannot waive an advertisement, *Williams* v.
*Barlow, 49 Ga. 530 ; Balbridge* v. *Walton, 6 Mo. 523 ; Scales* v. *Alvis, 12 Ala.
617 ; Mitchell* v. *Lipe, 8 Yerg. 179 ; Gibbs* v. *Neely, 7 Watts 305 ;* see *Jackson*
v. *Spink, 59 Ill. 404 ; Isbell* v. *Kenyon, 33 Mich. 63 ; Burroughs* v. *Wright, 16
Vt. 619, 19 Vt. 510 ; Lewis* v. *Brown, 4 Strobh. 293 ; O'Bannon* v. *Kirkland, 2
Strobh. 29 ; McClure* v. *McCormick, 5 Blackf. 129 ; Ringgold* v. *Patterson, 15
Ark. 209 ;* or insist upon an adjournment against the order of the court, *Kelly*
v. *Israel, 11 Paige 147 ; Bailey* v. *Ellis, 2 N. J. L. J. 6 ;* see *Demaray* v. *Little,
19 Mich. 244; Annin* v. *Jones, 2 N. J. L. J. 22.*

In *Wolf* v. *Van Metre, 27 Iowa 348,* a sale adjourned by an attorney of one
of the parties, by direction of the sheriff, was set aside.

PREROGATIVE COURT.

[41 Eq.

Hicks v. Willis.

them were made for her by her attorney, and the others by the
deputy surrogate of the county (the sale was advertised to take
place at the court-house), upon the written request of the attor-
ney. In each case a written notice of the adjournment, signed
by the attorney as attorney for the executrix, was posted under
the notice of sale at the court-house. It was to the effect that
the sale was adjourned by order of the executrix, to take place
at the court-house at a specified day and hour, the same stated
in the verbal announcement of the adjournment. The executrix,
in her report of the sale to the court, stated that the adjourn-
ments were made by her, and that the last one (which, like the
others, was for one week only) was advertised in two news-
papers and by notices set up in four public places in the city of
Elizabeth, and in five public places in the township of Spring-
field, the township in which the land lay. And she reported
that in pursuance of such last adjournment, at the time and
place fixed therein, she attended and then and there sold the
property at public vendue to George Schmitt, the highest
bidder, for $1,400. It appears, by the stipulation of counsel,
that the property is worth $2,000 " to any person who wants
it;" but it also appears thereby that the property was sold by
the executrix twice before the sale under consideration, under
the order of sale, and brought the same price, $1,400, at each of
those sales. No person was present at any of the adjournments
to bid upon the property. The appellant or her attorney was
present at each of the adjournments, and had full notice thereof.

Whether a sheriff may, by parol, authorize his deputy to adjourn a sale, see
*Meyer* v. *Bishop*, 12 C. E. Gr. 141, 1 Stew. Eq. 239; *Robinson* v. *Hall*, 33 Kan.
139; *Tatum* v. *Holliday*, 59 Mo. 422.

It has been held that a trustee with power to sell lands must adjourn the
sale himself, and cannot delegate his authority, *Graham* v. *King*, 50 Mo. 22;
*Thornton* v. *Boynton*, 31 Ill. 200; see *McPherson* v. *Sanborn*, 88 Ill. 150; *Hub-
bard* v. *Jarrell*, 23 Md. 66; *Cranston* v. *Crane*, 97 Mass. 459; *Murdock* v. *Leath*,
10 Heisk. 166; *Ward* v. *Hollins*, 14 Md. 158.

An administrator, ordered by the court to sell lands for the payment of his
decedent's debts, cannot sell by an auctioneer if he is not present himself,
*Sebastian* v. *Johnson*, 72 Ill. 282; *Kellogg* v. *Wilson*, 89 Ill. 357; see *Beach* v.
*Shaw*, 57 Ill. 17.

An officer, ordered to sell lands under foreclosure, must adjourn the sale

Hicks v. Willis.

There is no good reason for holding that the announcement of an adjournment of a sale by an executor or administrator, under the order of a court, must be made either by or in the presence of the executor or administrator. On the other hand, every consideration of convenience is against it. It is urged that an argument in favor of the proposition is to be drawn from the supplement of April 13th, 1876, to the act " relative to sales of lands under a public statute or by virtue of any judicial proceedings " (*Rev. p. 1051 § 37*), by which it is provided that any master in chancery may continue any sale to be made by him under execution or order of sale, by public adjournment made by a master in chancery or the sheriff of the county in which the lands lie, provided such master or sheriff be authorized by him in writing under his hand, to make such adjournment. But it by no means follows from that legislation that an executor or administrator cannot lawfully adjourn a sale to be made by him under order of the orphans court, unless he either make the announcement himself or be present in person at the making thereof; nor is any such inference to be drawn therefrom. The case of *Meyer v. Patterson, 1 Stew. Eq. 239*, cited by the appellant's counsel, is not in point. That case holds that a sheriff cannot appoint a special deputy *pro hac vice* by parol, and that if a sale under an execution in a foreclosure suit in chancery be made by a bailiff thus informally appointed, it will be set aside on a direct application to the chancellor in the course of the proceeding. It is no authority for the proposition for which the appellant's counsel con-

thereof himself, *2 Jones on Mortgages ? 1633 ;* and also sell the lands himself, *Heyer* v. *Deares, 2 Johns. Ch. 154 ; Noland* v. *Noland, 12 Bush 427.*

The court will not ordinarily interfere with a trustee's discretion as to advertising an adjournment, although it be not as extensively published as the original notice, *Farmers Bank* v. *Clarke, 28 Md. 145.*

The presumption of law is that the officer entrusted with conducting a public sale made the adjournment himself, when an adjournment appears in the proceedings, *Pier* v. *Storm, 37 Wis. 247 ;* see *Drake* v. *Collins, 5 How. (Miss.) 253 ; Burton* v. *Wolfe, 4 Harring. 221 ; Piel* v. *Brayer, 30 Ind. 332 ; Brooks* v. *Rooney, 11 Ga. 423.*

As to the *form* of advertising a postponement, see *Cord* v. *Hirsch, 17 Wis. 403.*—REP.

tends. Nor has the maxim, "*Delegatus non potest delegare*," any application; for there is no delegation of trust or confidence in the committing to an attorney or agent the performance of the merely ministerial act of announcing an adjournment of a sale for and in the stead of the trustee. Trustees may act through agents and attorneys to a certain extent in matters confided to their discretion. If a trustee gives instructions to his attorneys and agents how to act, it cannot be said to be a delegation of his trust. *Perry on Trusts* § *409 ; Sugd. Pow. 222.* It is very clear that an executor or administrator, ordered by a court to make sale of land, may lawfully adjourn the sale through the instrumentality of an attorney or agent. It may be added that in this case the first adjournment at least, and perhaps all of them, were made at the suggestion of the ordinary, in open court, upon an application for an order for such adjournment in behalf of George Schmitt, who was the purchaser at the second sale. He was also the purchaser at the first sale, but the orphans court refused to confirm that sale on account of a defect in the advertisement. After the second sale he refused to complete his purchase, because he was advised by his counsel that the orphans court could not lawfully sell the property free from the widow's dower. He made an unsuccessful application to that court to set aside the sale upon that ground. From the order denying the application he appealed to this court. The executrix, upon his refusal to complete his purchase, re-advertised the property. In order to save himself from the consequences of a resale at a lower price than that which he had bid, he applied to this court to prevent the executrix from reselling the property until his appeal should have been decided. In consequence of and upon that application, as before stated, the first adjournment was made, and perhaps the others also. So that some of the adjournments at least (how many does not appear), and perhaps all of them, were made, not at the discretion of the executrix, but in consequence of judicial direction.

The order appealed from will be affirmed, with costs.